Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Scott Alan George, Esq.
550 Broad Street, Suite 920
Newark, NJ 07102-4573
(973) 639-9100 telephone
(973) 639-9393 facsimile

Attorneys for plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBORAH ARCE<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and DAVOL, INC.<br><br>Defendants | Case No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff herein, DEBORAH ARCE, allege the following against Defendants DAVOL, INC and C.R. BARD, INC.:

**BACKGROUND**

1. This is an action for damages and injuries suffered by Plaintiff as a direct and proximate result of the negligent and wrongful conduct by Defendants in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the product known as Bard Composix Kugel Mesh Hernia Patch ("Kugel Patch"). Plaintiff seeks relief for her injuries for negligence, violations of the Products Liability Act, breach of implied and express warranty, fraud,

negligent misrepresentation, and violations of the Consumer Fraud Act caused by the two Kugel Patches that were implanted in her.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 United States Code Section 1332, as complete diversity exists between Plaintiff and Defendants. Plaintiff is a citizen of the State of California, and Defendant C.R. BARD INC. is a corporation that is incorporated and has its principal place of business in the State of New Jersey. It is the corporate parent/stockholder of Defendant DAVOL, INC. The amount in controversy exceeds seventy thousand dollars ($75.000.00), exclusive of interested and costs.

3. Venue in this action properly lies in the District of New Jersey pursuant to 28 United States Code Section 1391, as a substantial number of the events, actions or omissions giving rise to Plaintiff's claims occurred in this district. At all times material hereto, Defendants conducted substantial business in this district.

## PARTIES

4. Plaintiff Deborah Arce is a citizen and resident of Rancho Cordova, California. Plaintiff had multiple Kugel Patches implanted in her, including a Hernia Patch that is subject to a recall issued by Defendants.

5. Defendant, Davol Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch"). Davol focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

6. Defendant, C. R. Bard Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch. It was ultimately the source and purpose for all acts challenged in this action.

7. All times material hereto, the Defendants were engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the patch.

## SUBSTANTIVE ALLEGATIONS

8. Defendants by themselves and through their agents and employees designed, manufactured and distributed the Kugel Patches that were inserted into Deborah Arce's body.

9. The Defendants submitted their 510k Application for the Kugel Patch to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

10. Defendants by themselves and through their agents and employees participated in the marketing, distribution and sale of the Kugel Patch as safe for its intended purpose, fully and properly tested for safety and potential risks, and free from the kinds of risks and hazards that the Kugel Patch actually posed to the public, including Plaintiff.

11. Upon information and belief, Defendants failed to comply with the FDA application and reporting requirements, were aware of the high degree of complications

and failure rate associated with their Kugel patch before it was recalled, and were aware of the defect in design and manufacture prior to the recall.

12. A Class I recall is issued for problems related to medical devices that are potentially life threatening or could cause a serious risk to health.

13. A Class I recall was issued for certain Kugel Patches, including one of the Kugel Patches implanted in Plaintiff. The recall was based on a faulty “memory recoil ring” that can break under pressure, causing the kind of injury suffered by Plaintiff. However, incidents of ring migration, intestinal fistulae, bowel perforation and even death that have been attributed to the recalled Kugel Patches have also been reported on non- recalled Kugel Patches and are the result of defective memory recoil rings as well as other features of the Kugel Patches as well.

14. On or about February 15, 2002, underwent a hernia procedure at University of California Medical Center. During this procedure, physicians implanted a BARD COMPOSIX MESH 6 X 8” cm; lot 43kld272 ref 0113680 in Plaintiff.

15. The Kugel Patch was used and implanted in the manner and for the purposes intended and/or reasonably contemplated by Defendants, and was represented by and for Defendants to be an appropriate. Cost-effective and suitable product for such use.

16. In the months that followed the surgery, Deborah Arce’s condition worsened. Deborah Arce suffered under extreme fever, pain discomfort Ascites (excess fluid) multiple bowel adhesions. Despite an aggressive pain control regimen, neither the pain nor discomfort was abated.

17. On or about June 14, 2002, Deborah Arce was re-admitted to University of California Medical Center in efforts to stabilize her condition, which had significantly

worsened. Surgery found that the Bard Composite Mesh was removed and had caused Plaintiff's chronic infection.

18. On or about July 23, 2003, Plaintiff underwent a hernia procedure at University of California Medical Center. During this procedure, physicians implanted a BARD COMPOSIX KUGEL MESH OVAL XX-Lg 10.8" x 13.7 cm in Plaintiff. This second Kugel Patch is subject to the recall.

19. Deborah Arce was left to begin months of recovery, from her surgeries and, having recently learned that she has a recalled patch still implanted has the mental and emotional stress, anxieties and burdens, of facing further threats to her health, and safety as well as inevitable surgery.

20. Deborah Arce has incurred substantial medical bills and has lost wages and a quality of life as a result of the Kugel Patches, and continues to suffer physical pain and mental anguish as well as on-going medical care and monitoring.

21. Any applicable statutes of limitation have been tolled by the knowing and active concealment and denial of material facts known by Defendants when they had a duty to disclose those facts. They have kept plaintiff and others ignorant of vital information essential to his pursuit of these claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on plaintiff's part in filing a complaint on her causes of action. Their fraudulent concealment did result in such delay.

22. The Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch that was implanted in Plaintiff, but instead they concealed them. As a result, Defendants are estopped from relying on any statute of limitations defenses.

## CLAIMS FOR RELIEF

### Count I - Negligence

23. Deborah Arce re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

24. Defendants Davol and Bard were negligent to Deborah Arce in the following respects:

25. Defendants at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

26. Defendants at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch's users.

27. Defendants so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that the Kugel Patch was dangerous and unsafe for the use and purpose for which it was intended.

28. Defendants were aware of the probable consequences of the Kugel Patch. Defendants knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted in conscious disregard of the safety of Deborah Arce.

29. Defendants owed a duty to Deborah Arce to adequately warn her and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

30. Defendants breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

31. As a direct and proximate result of the duties breached, the Kugel Patches used in Deborah Arce's hernia repair surgery failed, resulting in Deborah Arce suffering pain and harm.

32. As a direct and proximate result of Davol's and Bard's negligence, Deborah Arce has suffered injuries and damages.

33. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**COUNT II - Products Liability Act – Failure to Warn**

34. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

35. Defendants designed, tested, manufactured, marketed, sold and/or distributed the patch. As such, it had a duty to warn the using public, including Plaintiff, of the health risks associated with using the subject product.

36. The subject product was under the exclusive control of Defendants and was unaccompanied by appropriate warnings regarding the health risks associated with its use. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injury to the consumer. The promotional activities of Defendants further diluted or minimized the warnings given with the product.

37. The subject product was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert Plaintiff to the dangerous risks and reactions associated with it. Even though Defendants knew or should have known of the risks and reactions associated with the subject product, it still failed to provide warnings that accurately reflected the signs, symptoms, incidence, scope, or severity of these risks.

38. Plaintiff used the Kugel Patches for their intended purpose at the time they were implanted by her surgeons.

39. Plaintiff could not have discovered any defect in the subject product through the exercise of reasonable care.

40. Defendants, as a manufacturer of the medical devices is held to the level of knowledge of an expert in the field, and further, Defendants had knowledge of the dangerous risks and side effects of the subject product.

41. Plaintiff did not have the same knowledge as Defendants and no adequate warning was communicated to her.

42. Defendants had a continuing duty to warn consumers, including Plaintiff, of the dangers associated with the subject product. By negligently and/or wantonly failing to

adequately warn of the dangers of use of the subject product, Defendants breached its duty.

43. Although Defendants knew of the defective nature of the subject product, they continued to design, manufacture, market, and sell it without providing accurate, adequate, and complete warnings concerning its use so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by the subject product.

44. As a direct and proximate result of the Defendants' failure to adequately warn or other wrongdoing and actions of Defendants described herein, Plaintiff has sustained serious and permanent injuries, and will continue to suffer injury, harm, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT III - Products Liability Act – Defective Design**

45. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

46. Defendants are the manufacturers, sellers, distributors, marketers, and/or suppliers of the Kugel Patch, which is defective and unreasonably dangerous to consumers.

47. At all relevant times Defendants were responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling the patch.

48. In January 2001, the patch was approved for marketing and sale in the treatment of hernia repairs requiring reinforcement with a non-absorbable support material.

49. The subject product was designed, manufactured, sold, distributed, supplied, marketed, and/or promoted by Defendants, and was expected to reach and did reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendants.

50. The subject product was defective in its design and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation. The patch was defective in that it contained a "memory recoil ring" which can and does break under the stress of placement. The ruptured recoil ring can cause perforation of the bowel, bowel obstruction, chronic intestinal fistulae, infection and other unknown injury. Further other defects are inherent in the other materials used in the Kugel Patches causing injuries like those suffered by Plaintiff.

51. Although Defendants actually knew of the defective nature of the subject product, it continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious and deliberate disregard of the foreseeable harm caused by the subject product.

52. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. As a direct and proximate result of the design defects of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss. The Kugel Patches are otherwise defective in design.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**Count VI - Breach of Implied Warranty**

53. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

54. Defendants Davol and Bard are liable to Deborah Arce for their breach of implied warranty in the following respect:

55. Defendants Davol and Bard sold the Kugel Patches which were implanted in Deborah Arce. Defendants impliedly warranted to Deborah Arce, her physicians and health care providers, that the Kugel Patches were of merchantable quality and safe for the use for which they were intended.

56. Defendants knew or should have known that the Kugel Patches at their time of sale were intended to be used for the purpose of surgically implanting them into the body for hernia repair.

57. Deborah Arce, her physicians and health care providers reasonably relied on Defendants' judgment, indications and statements that the Kugel Patches were fit for such use.

58. When the Kugel Patches were distributed into the stream of commerce and sold by Defendants Davol and Bard, they were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

59. Deborah Arce suffered such injuries and damages as a result of Defendants' conduct and actions.

## COUNT V - Breach of Express Warranty

60. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

61. Defendants expressly represented to Plaintiff, other consumers and the medical community that the Kugel Patch was safe and fit for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested.

62. The Kugel Patch does not conform to Defendants' express representations because it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

63. At all relevant times the patch did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

64. Plaintiff, other consumers and the medical community relied upon Defendants' express warranties.

65. As a direct and proximate result of Defendants' express warranties of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**Count VI – Negligent Misrepresentation and Omission**

66. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

67. Defendants Davol and Bard, having undertaken the manufacturing, marketing, dispensing, distribution, sale and promotion of the Kugel Patch, created and were in a special relationship if trust, confidence and privity with the public, consumers, Plaintiff, and his medical care providers and were thus under a duty to provide accurate and complete information and warnings regarding the quality and safety of the Kugel Patch.

68. Defendants misrepresented and/or omitted material facts about the quality and safety of the Kugel Patch to the public, consumers, Plaintiff, and his medical care providers, among others. Defendants misrepresented, among other things, that the Kugel Patch was safe and effective for the purposes for which they were intended. The representations were false since the product was not safe for this purpose and was dangerous to the health of Plaintiff.

69. The aforementioned misrepresentations and/or omissions were made by Defendants with the intent to induce Plaintiff to use the product, to his detriment.

70. At the time of the misrepresentations, Plaintiff and all those responsible for his care were ignorant of the falsity of the statements, and reasonably relied on them and believed them to be true when selecting, purchasing and utilizing the product.

71. Defendants breached their duties to Plaintiff by providing false, incomplete and/or misleading information regarding their product.

72. As a direct a proximate result of Defendants' fraudulent misrepresentations and omissions, Plaintiff suffered injury and damage.

**Count VII - Fraud**

73. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

74. Defendants Davol and Bard falsely and fraudulently represented to the medical community and to plaintiff the qualities of the Kugel Patch.

75. Defendants Davol and Bard fraudulently omitted, concealed and suppressed material information regarding the risks and dangers in their medical product, the Kugel Patch.

76. Defendants knew or, but for reckless disregard, should have known the true risk and danger posed by their medical product, the Kugel Patch.

77. Having undertaken the manufacturing, marketing, distribution and promotion of the Kugel Patch, Defendants were under a duty to provide to plaintiff, his physicians, regulators and other consumers and persons with relevant responsibility accurate and complete information regarding the Kugel Patch.

78. Defendants committed their fraud with the intent of deceiving the public in general and the medical community in particular, with the intent that their product be purchased and implanted in persons like Plaintiff.

79. The public in general and the medical community in particular, were unaware of Defendants' fraud, and reasonably relied upon Defendants.

80. Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless disregard when committing these acts of consumer fraud.

81. As a result of Defendants' fraud, Plaintiff sustained injury and damages.

**COUNT VIII - Violations of New Jersey Consumer Fraud Act**

82. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

83. The Kugel Patch is "merchandise" as that term is defined by N.J.S.A. 56:8-1(c).

84. Defendants are the manufacturers, marketers, and/or distributors of the Kugel Patch.

85. Unfair methods of competition and unfair or deceptive acts or practices are defined and declared unlawful in N.J.S.A. 56:8-1, *et seq.*:

> **56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice.**
> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

86. Defendants knew or should have known that the use of the Kugel Patch poses and causes serious and potentially life-threatening side effects.

87. Defendants' promotion of the Kugel Patch, which included misrepresentations and the active concealment of information about its defects and dangers, created or reinforced a false impression as to its safety and placed all users of the subject product at risk for serious and potentially lethal side effects.

88. Defendants' misrepresentations and active concealment of information about the defects and dangers of the Kugel Patch were undertaken with the intent that the general public, including Plaintiff, would rely on such misrepresentations and omissions.

89. Plaintiff was implanted with the Kugel Patch and suffered an ascertainable loss of money as a result of Defendants' use or employment of the methods, acts, or practices alleged herein.

90. The aforesaid promotion of the Kugel Patch by Defendants constitutes an unconscionable commercial practice, deception, false pretense, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission in connection with the sale or advertisement of merchandise or services by Defendants, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*.

91. Defendants knew of the growing public acceptance of the misinformation, or incomplete information, and misrepresentations regarding the safety and efficacy of the Kugel Patch, but remained silent due to the large profits being earned.

92. As a direct and proximate cause of Defendants' acts of consumer fraud, Plaintiff has suffered ascertainable loss — economic loss that includes the purchase price of the Kugel Patch and other out-of-pocket healthcare related costs — for which Defendants are liable to Plaintiff for treble her actual damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT VIII - Punitive Damages Under Common Law and Products Liability Act**

93. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

94. Although Defendants knew or recklessly disregarded the fact that the Kugel Patch causes debilitating and potentially lethal side effects, Defendants continued to market the subject product to consumers, including Plaintiff, without disclosing these side effects until the Class I recall of the subject product.

95. Defendants knew of the Kugel Patch's defective nature, as set forth herein, but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the subject product.

96. Defendants intentionally concealed or recklessly failed to disclose to the public, including Plaintiff, the potentially life-threatening side effects of the Kugel Patch to ensure their continued and increased sales. This intentional and/or reckless failure to disclose information deprived Plaintiff of the information necessary for her to weigh the true risks of using the subject product against the benefits.

97. Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and it from similar conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays of this Court and demands of Defendants as follows:

a. That Plaintiff be granted and recover actual damages incidental to her purchase and use of the patch in an amount to be determined at trial;

b. That Plaintiff be granted and recover enhanced and punitive damages;

c. That Plaintiff be granted costs associated with monitoring her health due to the fact that she has a recalled patch still implanted;

d. That Plaintiff be granted pre-judgment and post-judgment interest;

e. That the costs of this action be taxed to Defendants;

f. That Plaintiff be granted reasonable attorneys' fees and costs as provided by law; and

g. For such other and further relief as the Court may deem just and proper.

Dated: May 30, 2008

**SEEGER WEISS LLP**

By: _/s/ Scott Alan George___________

Christopher A. Seeger
David R. Buchanan
Scott A. George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, New Jersey 07102-4573
(973) 639-9100 tel.
(973) 639-9393 fax.

**Attorneys for Plaintiff**

**JURY TRIAL DEMANDED**

The Plaintiff demands a trial by jury on all issues so triable.

Dated: May 30, 2008

**SEEGER WEISS LLP**

By: _/s/ Scott Alan George__________
Christopher A. Seeger
David R. Buchanan
Scott A. George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, New Jersey 07102-4573
(973) 639-9100 tel.
(973) 639-9393 fax.

**Attorneys for Plaintiff**

**CERTIFICATION UNDER LOCAL CIVIL RULE 11.2**

Plaintiff, by her attorneys, hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceedings.

Dated: May 30, 2008

**SEEGER WEISS LLP**

By: _/s/ Scott Alan George___________

Christopher A. Seeger
David R. Buchanan
Scott A. George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, New Jersey 07102-4573
(973) 639-9100 tel.
(973) 639-9393 fax.

**Attorneys for Plaintiff**

**CERTIFICATION OF NOTICE**

Pursuant to N.J.S.A. 56:8-20, Plaintiff is mailing a copy of this Complaint and Jury Demand to the Office of the Attorney General, CN-006, Trenton, New Jersey, within ten (10) days of the filing of this Complaint and Jury Demand.

Dated: May 30, 2008

**SEEGER WEISS LLP**

By: _/s/ Scott Alan George___________

Christopher A. Seeger
David R. Buchanan
Scott A. George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, New Jersey 07102-4573
(973) 639-9100 tel.
(973) 639-9393 fax.

**Attorneys for Plaintiff**